THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN L. FEDERER<br>13543 Bennington Avenue<br>Cleveland, Ohio 44135<br><br>     Plaintiff,<br><br>vs.<br><br>SWEET EXPRESS LLC<br>c/o Damir Vidinlic, Registered Agent<br>3050 Breton Road<br>Kentwood, Michigan 49512<br><br>and<br><br>CORY D. GILES<br>7650 Dacosta<br>Detroit, Michigan 48239<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

Now comes Plaintiff, Bryan L. Federer, by and through his attorneys, and for his Complaint states as follows:

## PARTIES

1. Plaintiff Bryan L. Federer is an Ohio resident who resides at 13543 Bennington Avenue, Cleveland, Ohio 44135.

2. Defendant Sweet Express LLC ("Sweet Express") is a limited liability company organized and existing under the laws of the State of Michigan doing business as an interstate motor carrier with its principal place of business at 3050 Breton Road, Kentwood, Michigan 49512.

1

3. Defendant Cory D. Giles ("Giles"), upon information and belief, resides at 7650 Dacosta, Detroit, Michigan 48239. At all times pertinent hereto, Defendant Giles was employed by and/or was an agent of Sweet Express and was operating the subject commercial motor vehicle on behalf of Sweet Express.

**JURISDICTION**

4. This Court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. 1332 as there is complete diversity among the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**VENUE**

5. Venue is proper in this District and Division pursuant to 28 U.S.C. 1391 and Loc.R. 3.8 as a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**COUNT I**
**VICARIOUS LIABILITY/PERSONAL INJURIES – ALL DEFENDANTS**

6. The preceding paragraphs are hereby incorporated as if fully restated herein.

7. On or about February 5, 2021, at approximately 11:50 p.m. EST, Plaintiff Bryan L. Federer parked his service truck on the shoulder lane of Interstate Route 480 in the City of Cleveland, County of Cuyahoga and State of Ohio, with multiple amber lights flashing to change the front left tire of a disabled vehicle.

8. On or about the aforementioned date and time, Defendant Giles was operating a commercial motor vehicle eastbound on Interstate 480 when suddenly, and without warning, he veered onto the shoulder and struck the left rear of another stopped vehicle parked behind the disabled vehicle and then struck the Plaintiff as a pedestrian, crushing him between Defendant Giles' commercial motor vehicle and the disabled vehicle.

9. Among other things, Defendant Giles negligently failed to:

   a. Manage space around his vehicle;
   b. Maintain reasonable and safe control of his vehicle;
   c. Follow road signage;
   d. Move over for stopped traffic;
   e. Keep a proper lookout;
   f. Reasonably judge the closeness of Plaintiff's vehicle;
   g. Exercise due care;
   h. Safely maneuver his commercial vehicle;
   i. Avoid becoming a hazard to the motoring public;
   j. Remain reasonably alert;
   k. Drive without confusion;
   l. Drive without distraction;
   m. Drive while not fatigued;
   n. Drive while medically, physically and mentally fit;
   o. Comply with the laws and statutes of the State of Ohio regarding the safe operation of motor vehicles; and
   p. Comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

10. Defendant Giles' negligent, careless, and reckless conduct in the care, management and/or operation of his commercial motor vehicle, created a hazard for the motoring public, including Bryan L. Federer, and was the direct and proximate cause of the collision in which Mr. Federer was injured.

11. Giles' wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision and the resulting harm and damages to Mr. Federer's property and person, for which he is entitled to damages.

12. At all times relevant hereto, Giles was an employee, agent, leased driver, and/or servant of Sweet Express and was acting in the course and scope of his agency and/or employment

with Sweet Express which is responsible for Giles' conduct under principles of *respondeat superior*.

13. At all times relevant hereto, the commercial motor vehicle described herein was operating under U.S. DOT# 1128178 registered to Defendant Sweet Express LLC which is therefore responsible for Giles' conduct as a matter of law.

14. Irrespective of the employment/contractual relationship, Sweet Express LLC is a Motor Carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for Giles' acts as a matter of law.

15. As a direct and proximate result of the Defendants' negligence and the negligence of Sweet Express' agents and employees, including but not limited to Giles, the Plaintiff was caused to suffer severe and permanent injuries, including crush injuries to the lower extremities, concussion with loss of consciousness, and orthopedic injuries to the shoulder, amongst other injuries, for which he is entitled to recover damages in an amount to be proven at trial.

16. As a direct and proximate result of Defendants' negligence, the Plaintiff was caused to suffer pain, fright, terror, physical and emotional injuries.

17. As a further direct and proximate result of Defendants' negligence, the Plaintiff was caused to suffer permanent and substantial physical deformities to his body, specifically, to his shoulder and lower extremities, such that the noneconomic damage caps in R.C. § 2315.18 do not apply.

18. Plaintiff further states that as a direct and proximate result of the Defendants' negligence, the Plaintiff sustained damages, including but not limited to medical expenses, lost wages, and other expenses for which he is entitled to recover damages in an amount to be proven at trial.

19. Plaintiff further states that as a direct and proximate result of the Defendants' negligence, he suffered other economic and non-economic damages, both past and future, in an amount to be proven at trial.

WHEREFORE, Plaintiff Bryan L. Federer, prays for judgement against the Defendants, Sweet Express LLC and Cory D. Giles jointly and/or severally, individually and/or collectively, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and other such and further relief as this Court deems just and equitable.

## COUNT II – DIRECT LIABILITY CLAIMS AGAINST SWEET EXPRESS LLC

20. The preceding paragraphs are hereby incorporated as if fully restated herein.

21. The tractor and trailer involved in the subject collision (Michigan License Plate # RB82996, VIN 3HSDJSNR0GN373980) constituted a commercial motor vehicle operated by and under the direct control of Defendant Giles, but were respectively owned and/or leased by Sweet Express and were being used on behalf of and for the benefit of Sweet Express at all times relevant hereto.

22. The operation, maintenance, and control of the above-mentioned tractor and trailer was governed, licensed, supervised, and regulated by State and Federal regulations, and as such was pursuant to a certificate of authority given to Sweet Express to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory bodies.

23. Plaintiff states that Sweet Express was negligent in hiring, training, supervising, dispatching, and/or retaining Giles as a commercial motor vehicle driver which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and other losses for which Mr. Federer is

5

entitled to recover damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Bryan L. Federer prays for judgment against Defendant Sweet Express LLC for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and other such and further relief as this Court deems just and equitable.

        Respectfully submitted,

        */s/ Jordan D. Lebovitz*
        Jordan D. Lebovitz, Esq. (0091247)
        NURENBERG, PARIS, HELLER
        & McCARTHY CO., L.P.A.
        600 Superior Avenue East Suite 1200
        Cleveland, Ohio 44114
        Office: (216) 621-2300
        Fax: (216) 771-2242
        Email: jordanlebovitz@nphm.com

        *Counsel for Plaintiff*

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable, with the maximum number of jurors permitted under the Federal Rules of Civil Procedure and the laws of the State of Ohio.

        */s/ Jordan D. Lebovitz*
        Jordan D. Lebovitz, Esq. (0091247)
        NURENBERG, PARIS, HELLER
        & McCARTHY CO., L.P.A.